UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCOTT JOHNSON, | No. C 09-3946 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| GILROY P.D. OFFICERS JESUS CORTES; et al., | |
| Defendants. | |

## INTRODUCTION

Jeremy Scott Johnson, an inmate at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983, complaining that he was subjected to excessive force during his arrest by several Gilroy police officers. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted).

Johnson complains of events that occurred during his arrest on March 27, 2009 by six officers of the Gilroy police department: Jesus Cortez (badge # C 05116), Diana Mora (badge # M01023), Geoffrey Guerin (badge # G04826), Joseph Deras (badge # D09696), Justin Matsuhara (badge # M02192), and Rene Arbizu (badge # A08497). He alleges that when he was arrested, "they cuffed me, then assualted (sic) me for 20 minutes, 30 second, in handcuffs. Had broken ankle, and fatal infection in blood M.R.S.A. Was assaulted by all six officers stated above. Broke right ankle further, no (sic) have bone spurs, dislocated left wrist, punched me, bit of piece of tongue, numerous abrasions on face, chin, temples etc." Complaint, p. 3 (errors in source). Johnson states that he is in custody for threatening the officers and spitting on them. Id. Liberally construed, the allegations of the complaint state a claim for relief under § 1983 against defendants Cortez, Mora, Guerin, Deras, Matsuhara, and Arbizu for the use of excessive force in violation of Johnson's Fourth Amendment rights.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against Cortez, Mora, Guerin, Deras, Matsuhara, and Arbizu for the use of excessive force in violation of

Johnson's Fourth Amendment rights. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following six defendants who apparently work at the Gilroy police department:

- Gilroy police officer Jesus Cortez (badge # C 05116)
- Gilroy police officer Diana Mora (badge # M01023)
- Gilroy police officer Geoffrey Guerin (badge # G04826)
- Gilroy police officer Joseph Deras (badge # D09696)
- Gilroy police officer Justin Matsuhara (badge # M02192)
- Gilroy police officer Rene Arbizu (badge # A08497).

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **June 25, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 30, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

1         c.    If defendants wish to file a reply brief, the reply brief must be filed and
2 served no later than **August 13, 2010**.

3     4.    All communications by plaintiff with the court must be served on a defendant's
4 counsel by mailing a true copy of the document to defendant's counsel. The court may disregard
5 any document which a party files but fails to send a copy of to his opponent. Until a defendant's
6 counsel has been designated, plaintiff may mail a true copy of the document directly to
7 defendant, but once a defendant is represented by counsel, all documents must be mailed to
8 counsel rather than directly to that defendant.

9     5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
10 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is
11 required before the parties may conduct discovery.

12     6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the
13 court informed of any change of address and must comply with the court's orders in a timely
14 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
15 pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of
16 address in every pending case every time he is moved to a new facility.

17     7.    Plaintiff is cautioned that he must include the case name and case number for this
18 case on any document he submits to this court for consideration in this case.

19     IT IS SO ORDERED.

20 Dated: April 2, 2010                                           _____
                                                                 SUSAN ILLSTON
                                                            United States District Judge

**United States District Court**
For the Northern District of California