UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCOTT JOHNSON, | No. C 09-3946 SI (pr) |
| Plaintiff, | **ORDER DENYING REQUEST FOR STAY AND SETTING BRIEFING SCHEDULE** |
| v. | |
| GILROY P.D. OFFICERS JESUS CORTES; et al., | |
| Defendants. | |

In this pro se prisoner's civil rights action, plaintiff has sued several Gilroy Police Department officers for using excessive force on him during his arrest on March 26, 2009. Although plaintiff filed his complaint within just five months of the incident, he later decided he wanted to litigate at a later date. He sent to the court a letter dated June 17, 2010, in which he asked "leave" from his complaint so that he could obtain legal counsel, and noted he was scheduled to be released from prison on March 27, 2011. (Docket # 23.) He asked to delay the proceedings until 60 days after his release, which would require a stay until May 27, 2011 if he is released on his projected date. The court construed the letter to be a request for a stay of this action and allowed defendants to file any objection to the request. Defendants vigorously objected to the request for a stay,[1] and more recently sent a letter complaining about the delays in this action. (Docket # 25, # 28).

Upon due consideration, the court DENIES plaintiff's request for a stay. (Docket # 25.) Plaintiff chose to file this action rather quickly after the incident, knowing that he was in custody

---

[1] Ironically, if defendants are correct in their assertion that Heck applies to this case, a stay may be imposed. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

and subject to the limitations that custody brings. Plaintiff then chose not to ask for a stay until after defendants had expended considerable time and money taking his deposition and preparing their motion for summary judgment. The defendants are incurring some monetary expenses as long as the action is pending. And it cannot help their careers to have allegations that they used excessive force to arrest an individual linger in an unresolved state for many months due to a plaintiff's failure to pursue his case diligently after making the damaging accusations. Also, the public has an interest in expeditious resolution of litigation and in having police misconduct cases resolved on the merits. See Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). Having considered the relevant factors, the court denies plaintiff's request for a stay.

In light of the denial of the stay, the court now sets the following schedule for briefing on defendants' motion for summary judgment:

1. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **December 17, 2010**. No extensions of this deadline should be expected because, by the time it arrives, plaintiff will have had more than five months to study defendants' motion.

2. Defendants must file and serve their reply brief (if any) no later than **January 7, 2010**.

Defendants' recent letter and the objection to the stay request indicate a great deal of frustration with plaintiff's failure to comply with basic litigation procedures. Notwithstanding the frustration caused to defendants and their counsel, the court must be sensitive to the difficulties faced by pro se litigants who are unfamiliar with the judicial process. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

IT IS SO ORDERED.

Dated: November 10, 2010

_____
SUSAN ILLSTON
United States District Judge

2